IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF STANONIK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: |
| | ) |
| DELTA INTERNATIONAL MACHINERY | ) |
| CORP., BLACK & DECKER CORPORATION, | ) |
| and BLACK & DECKER (U.S.) INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Jeff Stanonik, by the undersigned attorneys, Cushing Law Offices, as and for his Complaint, herein alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw manufactured, sold and distributed by Defendants Delta International Machinery Corp., Black & Decker Corporation and Black & Decker (U.S.) Inc. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a resident of Illinois and no Defendant is a resident of Illinois for diversity purposes, and because Plaintiff's damages exceed $75,000.

2. At the time of Plaintiff's injuries, Defendants were fully aware of safer designs alternatives for table saws, including an improved design for the guard mechanism, an "European" riving knife and a flesh detecting braking device. Had the table saw manufactured, sold and distributed by Defendants employed one or more of these design improvements, Plaintiff's injuries would have been substantially mitigated, or avoided all together.

3. Rather than employ those safer alternatives, Defendants colluded with their competitors and others in the industry to keep those alternatives off the market. By agreeing not to employ such safer alternatives, Defendants, and their competitors, attempted to assure that those alternatives would not become "state of the art," thereby attempting to insulate themselves from liability for placing a defective product on the market.

## JURISDICTION

4. Plaintiff Jeff Stanonik is an individual who resides at 3563 Sonoma Circle, Lake in the Hills, Illinois, (hereinafter "Plaintiff").

5. Upon information and belief, Defendants Black & Decker Corporation and Black & Decker (U.S.) Inc. (both hereinafter "Black & Decker") are Maryland corporations with their principal place of business at 701 East Joppa Road, Towson, Maryland 21286 and Defendant Delta International Machinery Corp. ("Delta") is or was a wholly owned subsidiary of Black & Decker Corporation and Black & Decker (U.S.) Inc., and is a Minnesota corporation maintaining it principal place of business at 4825 Highway 45 North, Jackson, Tennessee 38305. Defendants manufacture, distribute, and sell power tools under the Black & Decker and Delta names, or previously did so.

6. Black & Decker Corporation has named The Corporation Trust Incorporated 351 W. Camden, Baltimore, Maryland 21201, as its registered agent for service of process. Black & Decker (U.S.) Inc. has named Illinois Corporation Systems, 208 S. LaSalle, Suite 814, Chicago, Illinois 60604, as its registered agent for service of process in the State of Illinois. Delta International Machinery Corp., has named CT Corporation System 100 S. 5th Street #1075, Minneapolis, Minnesota, 55402, as its registered agent for service of process.

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.

8.  This Court has personal jurisdiction over Defendants because Plaintiff's claims arise from Defendants:

    a.  transacting business in the State of Illinois;

    b.  contracting to supply services or things in the State of Illinois;

    c.  causing tortious injury by an act or omission in the State of Illinois; and/or

    d.  causing tortious injury in the State of Illinois by an act or omission outside of the State of Illinois and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the State of Illinois.

9.  This Court has personal jurisdiction over the Defendants because they are authorized to do business, and are doing business, in the State of Illinois.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that all the Defendants reside in this District, as that term is defined in § 1391(c) and pursuant to § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**THE FACTS**

11. At times prior to May 5, 2009, Delta and Black & Decker were the designers, manufacturers, testers, suppliers, sellers, and/or distributors of a Delta 10" bench saw, Model 36-545, Serial No. 016431K1071 (hereinafter the "Subject Saw") and had distributed, supplied and/or sold the Subject Saw in Illinois.

12. On or about May 5, 2009, Plaintiff, while doing home repair work at his house, was operating the Subject Saw with all due care when the Subject Saw injured him.

13. The Subject Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the blade guard on the Subject Saw is extremely difficult to use and is necessary to be removed for certain cuts. Once removed, it is difficult to reattach. Thus, it is common practice for users of the Subject Saw to either assemble the Subject Saw without the blade guard or to remove the blade guard and leave it permanently off the machine when using the table saw. This widespread practice was well known by Defendants, yet Defendants made no effort to improve the design of the blade guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

14. The Subject Saw also comes with a splitter or spreader attached to the blade guard, which is designed to prevent "kickbacks" during cutting. A kickback is often the result of the saw blade being pinched by the wood as it is being cut. The back of the saw blade can cause the wood to jerk or kick back at a high velocity into the user, causing the user's hands to land on the saw blade or to be pulled into the blade. Kickbacks, such as that which occurred here, are common and can cause catastrophic injuries.

15. Defendants designed the splitter or spreader on the Subject Saw to be attached directly to the blade guard so that, when the blade guard is removed, as it often is, no kickback protection is provided to the user.

16. However, Defendants had known for several years that kickbacks can be substantially avoided by using an independent "riving knife" rather than a spreader. A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade. Even if the blade guard is removed, the riving knife remains in place, substantially reducing or

eliminating kickbacks.

17. Independent riving knives have been used for decades in Europe. Defendant Black & Decker manufactured, distributed, and sold table saws in Europe with riving knives. Recently, riving knives had been included as necessary safety equipment pursuant to new industry-wide standards adopted in the United States.

18. The Subject Saw used herein did not include a riving knife.

19. Had Defendants employed this safer available technology on the Subject Saw, Plaintiff would not have been injured, or his injury would have been substantially reduced.

20. For years there has also been available technology that, for example, would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by Plaintiff.

21. Specifically, in or around November, 2000, Defendants were made aware of technology that detects when human flesh touches the saw blade, and once contact is detected, stops the saw blade almost instantly.

22. In or around November, 2000, or early 2001, the inventor of the flesh detection and braking technology offered to make the technology available to Defendants through a licensing agreement. The technology would have been appropriate for use on the Subject Saw.

23. Defendants failed to pursue licensing and use of this available safer technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

24. The Subject Saw does not incorporate the flesh detection and braking technology, or other comparable safety technology.

25. Delta and Black and Decker, as manufacturers of power saws, have failed to utilize available safer technology in their table saws.

## COUNT I
### (Negligence Against Delta and Black & Decker)

26. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 25 and incorporates each as if fully set forth herein.

27. Delta and Black & Decker were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Subject Saw and were negligent with respect to equipping the Subject Saw with adequate safeguards, warnings and/or instructions.

28. As the direct and proximate result of said negligence of Delta and Black & Decker, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II
### (Implied Warranty Against Delta and Black & Decker)

29. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 28 and incorporates each as if fully set forth herein.

30. Delta and Black & Decker impliedly warranted pursuant to 810 ILCS 5/2-314 to Plaintiff that the Subject Saw and its component parts were merchantable, safe and fit for ordinary purposes. Delta and Black & Decker are merchants with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings

and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Delta and Black & Decker. Delta and Black & Decker therefore breached these warranties to Plaintiff.

31. As the direct and proximate result of the breach of warranty of Delta and Black & Decker, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III
### (Strict Products Liability Against All Defendants)

32. Plaintiff re-alleges and repeats each and every allegation contained in paragraphs 1 through 33 and incorporates each as if fully set forth herein.

33. At all relevant times, the Defendants, and each of them, were in the business of manufacturing, designing, assembling, advertising, marketing, and selling to the American public, table saws, including but not limited to the Delta Model 36-545 10" bench saw, and each of its component parts, which is the subject of this lawsuit.

34. Defendant and each of them, designed, manufactured, marketed and sold the subject saw that injured Plaintiff, knowing that it would be used without inspection for defect, and that it was likely to cause injury when used in a reasonably foreseeable manner, and that the subject table saw would not perform as safely as an ordinary consumer or user would expect under reasonably foreseeable circumstances.

35. The subject saw that was placed on the market by Defendant and which injured the Plaintiff, was defective in its design, manufacture, warning and instructions.

36. As the direct and proximate result of the defective condition of Delta and Black & Decker, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**

Dated: April 29, 2011

    Respectfully Submitted
    **CUSHING LAW OFFICES**

    /s/Michael Cushing
    Counsel for the Plaintiff
    CUSHING LAW OFFICES
    29 South LaSalle Street, Suite 240
    Chicago, Illinois 60603
    (312) 726-2323
    mcushing@cushinglaw.com